﻿Citation Nr: 19159002
Decision Date: 07/30/19 Archive Date: 07/30/19

DOCKET NO. 19-17 670
DATE: July 30, 2019

ORDER

Service connection for a bilateral hearing loss disability is denied.

Service connection for tinnitus is denied.

FINDINGS OF FACT

Symptoms of hearing loss and tinnitus were not continuous or recurrent in service or since service separation; neither hearing loss nor tinnitus manifested to a compensable degree within one year of active service; and there is no medical nexus between the current hearing loss disability or tinnitus and active service, including in-service noise exposure. 

CONCLUSIONS OF LAW

1. The criteria for service connection for a bilateral hearing loss disability are not met. 38 U.S.C. §§ 101, 1101, 1110, 1111, 1112, 1113, 1153, 5103(a), 5103A, 5107; 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.304, 3.307, 3.309, 3.385.

2. The criteria for service connection for tinnitus are not met. 38 U.S.C. §§ 101, 1101, 1110, 1112, 1113, 1153, 5103(a), 5103A, 5107; 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.304, 3.307, 3.309.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran, who is the Appellant in this case, had active service from March 1961 to November 1967. 

This matter comes before the Board of Veterans’ Appeals (BVA or Board) from an August 2018 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Portland, Oregon.

The Veteran avers that his current hearing loss and tinnitus were caused by noise exposure during active service. Specifically, he states that he worked out of M109 vans with high noise exposure and no hearing protection, and that he began experiencing tinnitus during active service.

For the reasons discussed below, the Board finds that the weight of the evidence is against a finding of recurrent tinnitus, and, even if a current diagnosis of tinnitus is conceded, against a finding of a medical nexus between the current bilateral hearing loss disability or tinnitus and active service. 

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active military, naval, or air service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303(a). Establishing service connection generally requires (1) competent evidence of a current disability; (2) medical or, in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) competent evidence of a nexus between the claimed in-service disease or injury and the present disability. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). The United States Court of Appeals for Veterans Claims (Court) has held that “Congress specifically limits entitlement for service-connected disease or injury to cases where such incidents have resulted in a disability. In the absence of proof of a present disability there can be no valid claim.” Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992); see also Rabideau v. Derwinski, 2 Vet. App. 141, 143-44 (1992).

Where a veteran who served for ninety days or more during a period of war (or during peacetime service after December 31, 1946) develops certain chronic diseases, such as organic diseases of the nervous system (e.g., sensorineural hearing loss and tinnitus), to a degree of 10 percent or more within one year from separation from service, such diseases may be presumed to have been incurred in service even though there is no evidence of such disease during the period of service. This presumption is rebuttable by affirmative evidence to the contrary. See 38 U.S.C.A. §§ 1101, 1112, 1113, 1137; 38 C.F.R. §§ 3.307, 3.309.

In this case, the medical evidence of record demonstrates a current bilateral hearing loss disability, but not tinnitus. Where the veteran asserts entitlement to service connection for a chronic disease but there is insufficient evidence of a diagnosis in service, service connection may be established under 38 C.F.R. § 3.303(b) by demonstrating a continuity of symptomatology since service or diagnosis within the presumptive period after service, but only if the chronic disease is listed under 38 C.F.R. § 3.309(a). Walker v. Shinseki, 708 F.3d 1331, 1338-39 (Fed. Cir. 2013); 38 C.F.R. § 3.307 (service connection authorized for chronic diseases diagnosed within the presumptive period). However, for the reasons set forth below, the Veteran was not diagnosed with a hearing loss disability or tinnitus within one year of separation from service, nor has there been continuity of symptomatology. 

With specific regard to continuity of symptomatology, for the showing of chronic disease in service, there is required a combination of manifestations sufficient to identify the disease entity, and sufficient observation to establish chronicity at the time. With chronic disease as such in service, subsequent manifestations of the same chronic disease at any later date, however remote, are service connected, unless clearly attributable to intercurrent causes. If a condition, such as hearing loss or tinnitus, noted during service is not shown to be chronic, then generally, a showing of continuity of symptoms after service is required for service connection. 38 C.F.R. § 3.303(b).

Service connection may also be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

In this case, exposure to loud noise during active service is demonstrated by the evidence. The question before the Board is whether the current hearing loss and tinnitus are related to the in-service noise exposure.

For the purposes of applying the laws administered by VA, impaired hearing will be considered to be a disability when the auditory threshold in any of the frequencies 500, 1000, 2000, 3000, 4000 Hertz is 40 decibels or greater, or when the auditory thresholds for at least three of the frequencies 500, 1000, 2000, 3000, 4000 Hertz are 26 decibels or greater, or when speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385. Also, the threshold for normal hearing is between 0 and 20 decibels, and higher threshold shows some degree of hearing loss. Hensley v. Brown, 5 Vet. App. 155, 157 (1993).

Reviewing the evidence of record, the Veteran’s service treatment records include a March 1961 service enlistment examination report which indicates that the Veteran scored a 15 out of 15 on a whispered voice test. 

At an October 1963 separation and reenlistment examination, the Veteran denied ear trouble. An audiogram revealed puretone thresholds of 30, 10, 5, and 25 decibels in the right ear, and 20, 15, 10, and 30 decibels in the left ear at the test frequencies of 500, 1000, 2000, and 4000 Hz, respectively. (Note: Prior to November 1, 1967, service department audiometric test results were reported in standards set forth by the American Standards Association (ASA). Since November 1, 1967, those standards have been set by the International Standards Organization (ISO)-American National Standards Institute (ANSI). In order to facilitate data comparison in this decision, for service department audiometric test results through October 31, 1967, the ASA standards have been converted to ISO-ANSI standards.)

Although the October 1963 audiogram demonstrated some degree of hearing loss in both ears under Hensley, the Veteran was assigned a “1” for hearing and ears, indicating no problems with his hearing. 

At the September 1967 separation examination, the Veteran checked “no” next to “hearing loss” and “ear trouble” on his Report of Medical History, providing highly probative evidence against a finding that he had continuous or recurrent hearing loss or tinnitus symptoms during active service. In addition, he scored a 15 out of 15 on a whispered voice test and was assigned a “1” for hearing and ears. 

Following separation from service, in July 2018, the Veteran was afforded a VA audiological examination. He reported that during active service, he spent a lot of time in a M109 van and was exposed to noisy equipment and air conditioning. He taught electronics on missile equipment. As a civilian, he worked in construction for thirty-five years and stated that hearing protection was used when necessary. When asked when he first became aware of hearing difficulties, he responded that he did not know. An audiogram revealed puretone thresholds of 35, 50, 65, 85, and 95 decibels in the right ear, and 25, 45, 65, 75, and 70 decibels in the left ear at the test frequencies of 500, 1000, 2000, 3000, and 4000 Hz, respectively. Speech discrimination scores were 78 percent in the right ear and 84 percent in the left ear. The VA examiner opined that the Veteran’s current hearing loss was not related to noise exposure in active service, reasoning that there was no documentation of a report of hearing loss during active service, he denied hearing loss at separation, and he had long-term work in construction following service separation. The VA examiner cited to specific treatment records in support of his opinion. 

At the July 2018 VA examination, the Veteran did not report recurrent tinnitus. The VA examiner noted that the examination request indicated that he was claiming tinnitus, but that the Veteran denied having tinnitus. He was questioned several times. Tinnitus was defined and examples given so that the Veteran was aware of what tinnitus was. Tinnitus was not just described as ringing in the ears, but as any head noise or noise in his ears such as buzzing, humming, chirping, static sound, water running, crickets, hissing, etc. The Veteran denied having any head noise or noise in his ears. Therefore, the VA examiner concluded that there was no diagnosis of tinnitus because there was no pathology on which to render a diagnosis. 

After a review of all the evidence of record, lay and medical, the Board finds that the preponderance of the evidence demonstrates that there was no event, injury, or disease (other than exposure to loud noise) manifesting a bilateral hearing loss disability or tinnitus during active service, and that the preponderance of the evidence demonstrates that symptoms of a bilateral hearing loss disability and tinnitus were not continuous or recurrent in service.

As noted above, the service treatment records are entirely negative for complaints, reports, symptoms, findings, treatment, or diagnoses of hearing loss or tinnitus. Although some degree of bilateral hearing loss was noted in October 1963, the Veteran did not report any hearing difficulties or tinnitus, and his examining clinician assigned a “1” for hearing and ears, indicating the absence of hearing problems. Moreover, he denied hearing loss and ear problems at separation in September 1967 and was again assigned a “1” for hearing and ears. 

For these reasons, the Board finds that the weight of the evidence is against a finding that a bilateral hearing loss disability or tinnitus manifested during active service. If there is no showing of a chronic condition during service, then a showing of continuity of symptomatology after service is required to support a finding of chronicity. 38 C.F.R. § 3.303(b).

The Board next finds that the preponderance of the evidence demonstrates that symptoms of hearing loss and tinnitus have not been continuous or recurrent since separation from active service in November 1967. As noted above, the September 1967 separation examination report is negative for any report or finding of hearing loss or tinnitus. 

Following separation from service in November 1967, the evidence of record does not show any complaints, diagnosis, or treatment for hearing loss or tinnitus until May 2018, when the Veteran filed his claim for service connection. Moreover, the first time subsequent to discharge from service that a hearing loss disability, as defined by VA regulations, was demonstrated was by audiogram conducted at the VA examination in July 2018, as noted above. 

The absence of post-service complaints, findings, diagnosis, or treatment for hearing loss and tinnitus for more than 50 years after service separation is one factor that tends to weigh against a finding of continuous or recurrent symptoms of hearing loss or tinnitus after service separation. See Buchanan v. Nicholson, 451 F.3d 1331, 1336 (Fed. Cir. 2006) (the lack of contemporaneous medical records is one fact the Board can consider and weigh against the other evidence, although the lack of such medical records does not, in and of itself, render the lay evidence not credible). 

Additional evidence demonstrating that symptoms of hearing loss and tinnitus have not been continuous or recurrent since service separation includes the Veteran’s own statements made at the July 2018 VA examination that he did not know when his hearing difficulties began and his denial of any tinnitus symptoms. These statements provide highly probative evidence against the current claim that he has experienced hearing loss and tinnitus symptoms since active service. 

The Board also finds that the preponderance of the evidence demonstrates that hearing loss and tinnitus did not manifest to a compensable degree within one year of service separation. The preponderance of the evidence demonstrates no hearing loss or tinnitus symptoms during the one-year period after service, and no diagnosis or findings of hearing loss or tinnitus of any severity during the one-year post-service presumptive period. See 38 C.F.R. § 4.85, 4.86, 4.87, Diagnostic Codes 6100, 6260. Indeed, as discussed above, the evidence does not demonstrate a diagnosis or complaints of hearing loss or tinnitus until 2018. For these reasons, the Board finds that hearing loss and tinnitus did not manifest to a compensable degree within one year of service separation; therefore, the presumptive provisions for hearing loss and tinnitus are not applicable in this case. 38 C.F.R. §§ 3.307, 3.309.

With regard to the Veteran’s recent assertions made in the context of the current disability claim of continuous or recurrent hearing loss and tinnitus symptoms since service, the Board finds that these more recent assertions are outweighed by the other, more contemporaneous, lay and medical evidence of record, both in service and after service, and are not reliable. See Charles v. Principi, 16 Vet. App. 370 (2002). The Board finds that the Veteran’s assertions of chronic hearing loss and tinnitus symptoms after service are not accurate because they are outweighed by other evidence of record that includes the more contemporaneous service treatment records, including the separation examination report, which are negative for any signs, symptoms, complaints, treatment, or diagnoses of hearing loss or tinnitus; the lack of any documentation of reports or treatment for a hearing loss or tinnitus until 2018, more than 50 years after service separation; and the Veteran’s statements made at the July 2018 VA examination, as outlined above. 

As such, the Board does not find that the evidence sufficiently supports continuous or recurrent hearing loss or tinnitus symptomatology since service, so as to warrant a finding of a nexus between the current disorders and active service. 

The Board acknowledges the Veteran’s statements that he experienced hearing loss and tinnitus symptoms during or since active service, and that he believes that his current hearing loss and tinnitus are related to the noise exposure he experienced during active service. Indeed, the Veteran is competent to provide evidence regarding matters that can be perceived by the senses, and he is competent in some instances to provide a competent opinion regarding etiology. See Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007); see also Barr v. Nicholson, 21 Vet. App. 303 (2007) (lay testimony is competent to establish the presence of observable symptomatology). However, the Board finds that the opinion provided by the VA examiner in July 2018, discussed above, is more probative than the Veteran’s lay assertions. The VA examiner has expertise, education, and training that the Veteran is not shown to have. As such, his etiology opinion is afforded more weight.

Indeed, the July 2018 VA opinion is the most probative evidence of record on the question of whether there is a nexus between the current hearing loss and tinnitus and active service. The July 2018 VA opinion is competent and probative medical evidence because it is factually accurate and is supported by a thorough rationale. The VA examiner was informed of the pertinent evidence, reviewed the Veteran’s claims file, and fully articulated the opinion in his report. There are no contrary opinions of record. 

The Board also acknowledges the Veteran’s argument in his January 2019 notice of disagreement that tinnitus is a self-report condition. As noted above, the Veteran is competent to report symptoms of tinnitus. However, at the July 2018 VA examination, he was given multiple opportunities to report and describe his tinnitus symptoms but denied experiencing any such symptoms. The duty to assist a veteran in developing evidence is not always a “one-way street.” Wamhoff v. Brown, 8 Vet. App. 517, 522 (1996). A veteran must cooperate when he is asked for information that is essential in obtaining the putative evidence. Wood v. Derwinski, 1 Vet. App. 190, 193 (1991). Otherwise, he denies VA evidence which might have helped establish his claim. In this case, the Veteran’s denial of tinnitus symptoms at the VA examination contradict and provide probative evidence against his current claim for service connection. 

Based on the evidence of record, the weight of the competent evidence demonstrates no relationship between the Veteran’s current bilateral hearing loss disability or tinnitus and his military service, including no credible evidence of continuous or recurrent symptoms of bilateral hearing loss or tinnitus during active service, continuous or recurrent symptomatology of bilateral hearing loss or tinnitus following service separation, or competent medical evidence establishing a link between the Veteran’s bilateral hearing loss or tinnitus and active service. Therefore, the Board finds that a preponderance of the lay and medical evidence that is of record weighs against the claim for service connection for a bilateral hearing loss disability and tinnitus, and outweighs the Veteran’s more recent contentions regarding in-service continuous or recurrent symptoms and continuous or recurrent post-service symptoms. 

[CONTINUED ON NEXT PAGE]

For these reasons, the claims must be denied. Because the preponderance of the evidence is against the claims, the benefit of the doubt doctrine is not for application. See 38 U.S.C. § 5107; 38 C.F.R. § 3.102.

 

Cynthia M. Bruce

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD T. Sherrard, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.